# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL BAILOR**  **PLAINTIFF**
**ADC #154825**

v.                          No: 4:21-cv-00200-KGB-PSH

**JOHN STALEY,** *et al.*                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Michael Bailor, an inmate at the Lonoke County Detention Facility ("LCDF"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 15, 2021 (Doc. No. 2). For the reasons stated herein, Bailor's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Bailor alleges that during the week of September 15, 2020, he was housed in a cell with inmate John Mackie who became ill, experienced severe

pain over the course of a night, and died. Doc. No. 2 at 4-6. Bailor claims that he "pressed the button for help over and over throughout the night" and was told by the officer-in-charge[1] that he "had better things to do." *Id.* at 4. He names Sheriff John Staley and Officer Meeks as defendants. According to Bailor, since Mackie's death, he has been experiencing anxiety, depression, night terrors, nightmares, mental anguish, high blood pressure, and heartburn. *Id.* at 5. Bailor states he has been afraid to come forward because he does not trust defendant Sheriff Staley and the LCDF. *Id.* For relief, Bailor seeks a mental evaluation, an investigation into Mackie's death, mental anguish compensation, and medical/mental health treatment. *Id.* at 7.

Bailor's claim cannot proceed for several reasons. First, to the extent he seeks to assert a claim on behalf of his deceased cellmate, he may not do so. "A prisoner cannot bring claims on behalf of other prisoners." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985).

Second, Bailor has not alleged facts sufficient to support an Eighth Amendment claim regarding his need for medical and mental health treatment relating to the trauma of his cellmate's death. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical and mental health care to inmates in their custody. See *Estelle v. Gamble*,

---

[1] Bailor thinks the officer-in-charge is defendant Meeks, but is not positive about that.

429 U.S. 97, 102-03 (1976).  To succeed in a deliberate indifference medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Bailor has sufficiently alleged that he has objectively serious medical and mental health needs related to the trauma of his cellmate's death.  He has not, however, alleged that he requested medical or mental health care for those needs but was denied or provided inadequate treatment in deliberate indifference to them.  In fact, he states the opposite - that he has been afraid to "come forward with this."  For this reason, Bailor fails to state a deliberate indifference medical claim.

Third, liberally construing Bailor's complaint, he could be found to assert a pendent state law claim against defendant Meeks for intentional infliction of emotional distress.[2]  However, because the Court recommends dismissal of Bailor's

---

[2] In Arkansas, intentional infliction of emotional distress is known as the tort of outrage.

> To establish an outrage claim, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his or her conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

§ 1983 claims, it also recommends that the district judge decline to exercise jurisdiction over Bailor's pendent state law claim.[3]

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Bailor's § 1983 claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court decline to exercise jurisdiction over Bailor's pendent state law claim.

3. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

---

*FMC Corp. v. Helton*, 360 Ark. 465, 484–85 (2005). This tort is "extremely narrow," "rarely recognized in Arkansas caselaw," and is a "disfavored claim." *Sims v. Little Rock Plastic Surgery, P.A.*, 2020 WL 4514572 (E.D. Ark. August 5, 2020) (quoting *Sawada v. Walmart Stores, Inc.*, 473 S.W.3d 60, 69 (Ark. App. 2015); *Silverman v. Vill.*, No. 5:17CV00329 JLH, 2019 WL 2881586, at *8 (E.D. Ark. July 3, 2019)).

[3] *See ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity."). *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

IT IS SO RECOMMENDED this 26th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE