IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL BAILOR,**                                                                                   **PLAINTIFF**
**ADC #154825**

v.                                       Case No. 4:21-cv-00200-KGB

**JOHN STALEY,** *et al.*                                                                              **DEFENDANTS**

## ORDER

The Court has received the Proposed Findings and Recommendation from United States Magistrate Judge Patricia S. Harris entered on March 26, 2021 (Dkt. No. 4). Plaintiff Michael Bailor filed timely objections (Dkt. Nos. 5, 7). After a review of the Proposed Findings and Recommendation, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts in part and declines to adopt in part the Proposed Findings and Recommendation (Dkt. No. 4).

The Proposed Findings and Recommendation recommend that, to the extent Mr. Bailor seeks to assert a claim on behalf of his deceased cellmate, the Court dismiss without prejudice those claims (*Id.*, at 3). The Proposed Findings and Recommendation also recommend that the Court dismiss without prejudice Mr. Bailor's 42 U.S.C. § 1983 claim for deliberate indifference for failure to state a claim upon which relief may be granted and decline to exercise jurisdiction over Mr. Bailor's pendent state law claim for intentional infliction of emotional distress (*Id.*, at 3-5).

On review of the record, the Court agrees that, to the extent Mr. Bailor attempts to raise claims on behalf of John Mackie, his deceased cellmate, those claims must be dismissed. *See Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

As to Mr. Bailor's Eighth Amendment claim against defendants for deliberate indifference to his own serious medical condition, the Court declines to adopt Judge Harris's recommendation. To allege a claim of deliberate indifference to medical care, Mr. Bailor must assert that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of but deliberately disregarded those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1998). Judge Harris finds that Mr. Bailor has sufficiently alleged that he has objectively serious medical and mental health needs related to the trauma of his cellmate's death. She finds, however, that in his complaint he did not allege that he requested treatment for his serious medical needs from defendants but was denied care (*Id.*). She points to a statement in the complaint where Mr. Bailor states that he has been afraid to "come forward with this." (*Id.*). In his objections, however, Mr. Bailor alleges that he "did seek medical attention through both Lonoke County and ADC, [and] was denied treatment" and points the Court to two grievances that he filed allegedly at a "kiosk at Lonoke County" (numbers 8,383,307 and 8,383,957) (Dkt. Nos. 5, 7). He states that, after filing the grievance to Lonoke County, he "was told [he] would be able to speak to a counselor, but was told later that ADC did not approve me to see a counselor." (Dkt. No. 5). The Court finds Mr. Bailor's allegations that he sought but was denied medical attention are sufficient to state a claim of deliberate indifference under 42 U.S.C. § 1983.

The Court adopts Judge Harris's Proposed Findings and Recommendation in part and dismisses without prejudice any claims Mr. Bailor raises on behalf of his cellmate for failure to state a claim upon which relief may be granted. The Court declines to adopt, however, the portion of the Proposed Findings and Recommendation that dismisses Mr. Bailor's § 1983 and pendant state law claims (Dkt. No. 4).

The Court notes that mail to Mr. Bailor was returned undeliverable on April 27, 2021, and May 4, 2021 (Dkt. Nos. 8, 9). In her Order dated March 17, 2021, Judge Harris notified Mr. Bailor of his duty to promptly notify the Clerk of the Court of any change in his address (Dkt. No. 3, at 1). Within 30 days of the entry of this Order, Mr. Bailor must provide the Court in writing with a valid mailing address. *See* Local Rule 5.5 of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to provide the Court with a valid mailing address within 30 days of the entry of this Order may result in dismissal of this case without prejudice for failure to prosecute. *Id*.

It is so ordered this 9th day of January, 2023.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge